SAMUEL B. FELD, complainant-respondent,

*v.*

REUBEN B. KANTROWITZ, defendant-appellant; HARRY H. WEINBERGER et al., defendants.

[Argued October 26th, 1927.   Decided February 6th, 1928.]

1. Chancery always has jurisdiction over matters of account and cases where the claim is made that property is held in trust.

2. In a suit by the owner of a one-sixth interest in a contract against the owner of the remaining interest, in whose name the contract has been taken and who has sold the contract without authority to an innocent purchaser, chancery will retain jurisdiction of the cause against the defendant, as trustee, notwithstanding that the bill was dismissed as to the innocent purchaser.

3. In this suit the owner of the one-sixth interest was held to be entitled to recover the real value of his interest, and not merely one-sixth of what the defendant obtained for the property over the cost thereof, together with the costs, counsel fees and the amount of the original investment.

On appeal from a decree of the court of chancery.

*Messrs. Feder & Rinzler* and *Mr. Arthur T. Vanderbilt,* for the appellant.

*Messrs. Ward & McGinnis,* for the respondent.

PER CURIAM.

This case was before this court at the February term, 1926, for the determination of the question whether the court of chancery had erred in refusing an injunction pending final hearing. *99 N. J. Eq. 847.* The complainant-respondent claims to be a one-sixth owner of a contract to purchase an office building in the city of Passaic. The contract was taken in the name of the appellant, Reuben B. Kantrowitz, who

was in fact a trustee for a syndicate although not so described in the contract. Later, Kantrowitz became possessed of a five-sixths interest in the contract. The complainant below, Samuel B. Feld, had a one-sixth interest in the contract. Kantrowitz sold the contract to one Rose Zucker, who was declared an innocent purchaser so far as Feld was concerned. Feld, in his bill, has brought in all the parties connected with the transaction. He asks that Kantrowitz be held as a trustee and that Kantrowitz be compelled to account to him for such share of the proceeds as he (Feld) is entitled to.

The court of chancery made a decree which recognized the claim of Feld to a one-sixth interest in the contract, fixed the value of said interest, directed the payment thereof to the complainant, and also directed the payment to Feld of the original investment made by him, and awarded to counsel of Feld a counsel fee. Kantrowitz was also directed to pay the taxed costs.

From this decree Kantrowitz has appealed. The following grounds of appeal are urged for a reversal of the decree:

1. The court of chancery had no jurisdiction to hold the cause against Kantrowitz after the bill had been dismissed as to Rose Zucker, the innocent purchaser of the contract. We see no merit in this contention. The court of chancery has always had jurisdiction in cases where the claim is made that property is held in trust and in matters of account. No citations of authority on this position are needed.

2. The complainant did not sustain the burden of showing a contract in writing under the statute of frauds. The proofs show no document is missing except an assignment made by Kantrowitz to Harry H. Weinberger. This is accounted for. The complainant sustained his burden.

3. That the complainant is in laches and estopped from asserting his claim. There is no evidence to support such a contention.

4. Complainant's recovery should be limited to one-sixth of what Kantrowitz obtained for the property over the cost thereof. To adopt this contention would mean that a trustee *ex maleficio* could sacrifice a property at a sale and not be

liable to his beneficiary for the real value of the property. We see no merit in this contention.

The other grounds of appeal deal with the complainant's investment, relief from costs and counsel fee paid to Mrs. Zucker, and relief from payment of any counsel fee to Feld. These were all matters which the appellant's conduct justified, in our opinion, the court of chancery deciding against him.

The decree appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   15.

*For reversal*—None.